**No. 25-5798**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

COURTNEY MCMILLIAN; RONALD COOPER,
*Plaintiffs-Appellees*,

v.

ELON MUSK; X HOLDINGS CORP.;
X CORP., f/k/a/ Twitter, Inc.; DOES,
*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California, No. 3:23-CV-03461-TLT

# BRIEF OF APPELLANTS

MELISSA D. HILL
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: 212.309.6318
melissa.hill@morganlewis.com

SEAN K. MCMAHAN
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone: 214.466.4102
sean.mcmahan@morganlewis.com

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave.
Washington, D.C. 20004
Telephone: 202.739.5893
michael.kenneally@morganlewis.com

JARED R. KILLEEN
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5478
jared.killeen@morganlewis.com

*Counsel for Defendants-Appellants*

## CORPORATE DISCLOSURE STATEMENT

X Corp. is a wholly owned subsidiary of X Holdings Corp., which is a wholly owned subsidiary of X.AI Holdings Corp.  No publicly held corporation owns 10% or more of the stock of X Corp., X Holdings Corp., or X.AI Holdings Corp.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ........................................................ i
STATEMENT OF THE ISSUE..................................................................1
JURISDICTIONAL STATEMENT ..........................................................2
STATEMENT OF THE CASE..................................................................2
SUMMARY OF THE ARGUMENT ........................................................7
ARGUMENT ..........................................................................................7
The Court should vacate the district court's order under *Munsingwear*. ..................7
CONCLUSION.......................................................................................10
FORM 17. STATEMENT OF RELATED CASES ...................................11
FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS..................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*All. for the Wild Rockies v. Savage*,
897 F.3d 1025 (9th Cir. 2018) ........................................ 8

*Anoke v. Silverman*,
No. 24-5936, 2025 WL 2252556 (9th Cir. Aug. 4, 2025) .......................... *passim*

*Anoke v. Twitter, Inc.*,
No. 23-cv-2217, 2024 WL 3908108 (N.D. Cal. Aug. 20, 2024) ...................... 1, 4

*Arizonans for Off. Eng. v. Arizona*,
520 U.S. 43 (1997) ........................................ 7

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ........................................ 2

*Doe v. Madison Sch. Dist. No. 321*,
177 F.3d 789 (9th Cir. 1999) ........................................ 9

*Donovan v. Vance*,
70 F.4th 1167 (9th Cir. 2023) ........................................ 8

*McMillian v. Musk*,
No. 24-5045 (9th Cir.) ........................................ 2

*Protectmarriage.com-Yes on 8 v. Bowen*,
752 F.3d 827 (9th Cir. 2014) ........................................ 9

*Pub. Utilities Comm'n of State of Cal. v. FERC*,
100 F.3d 1451 (9th Cir. 1996) ........................................ 8

*United States v. Krane*,
625 F.3d 568 (9th Cir. 2010) ........................................ 8

*United States v. Munsingwear, Inc.*,
340 U.S. 36 (1950) ........................................ *passim*

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**STATUTES**

28 U.S.C. § 1291 ........................................................................................2

Employee Retirement Income Security Act
29 U.S.C. § 1001 *et seq.* ...................................................................................2

**RULES**

FED. R. APP. P. 4 ........................................................................................2

FED. R. CIV. P. 7.1 ........................................................................................3

N.D. CAL. L.R. 3-15 ........................................................................................1, 3, 5

**OTHER AUTHORITIES**

Jacob Silverman, *We Got a Judge to Unseal a List of X's Shareholders* (Aug. 24, 2024), https://www.jacobsilverman.com/p/we-got-a-judge-to-unseal-a-list-of ........................................................................................5

## STATEMENT OF THE ISSUE

The order on appeal denied Defendants' motion to seal a supplemental corporate disclosure statement, which the district court had ordered Defendants to file under its interpretation of N.D. California Local Civil Rule 3-15. The court-ordered disclosure statement identified all the owners of the privately held corporation X Holdings Corp. While Defendants' motion to seal was pending, however, the information Defendants sought to keep under seal was made public in a separate case. There, too, the district court had ordered that the list of owners be unsealed, and Defendants appealed that order. But before Defendants could request temporary relief, court staff unilaterally made the list of owners publicly available on the court's docket in that case. *See Anoke v. Twitter, Inc.*, No. 23-cv-2217, 2024 WL 3908108, at *5 (N.D. Cal. Aug. 20, 2024), *vacated and appeal dismissed sub nom. Anoke v. Silverman*, No. 24-5936, 2025 WL 2252556 (9th Cir. Aug. 4, 2025). This Court dismissed Defendants' appeal as moot and vacated the unsealing order under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

The issue presented is whether, as in the *Anoke* appeal, this Court should vacate the district court's denial of Defendants' motion to seal its supplemental corporate disclosure statement under *Munsingwear* because this appeal is moot through no fault of Defendants.

## JURISDICTIONAL STATEMENT

The district court issued its order to unseal judicial records on August 14, 2025. Dkt. 143. On September 11, 2025, Defendants filed a notice of appeal. Dkt. 145. The appeal is timely because it was filed within 30 days of the order on appeal. *See* FED. R. APP. P. 4(a)(1)(A). This Court has appellate jurisdiction because the district court's unsealing order is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992). Under this Court's recent ruling in *Anoke*, however, Defendants' challenge to the unsealing has become moot because the list of X Holdings Corp.'s owners "has already been published widely across the internet." *Anoke*, 2025 WL 2252556, at *1.

## STATEMENT OF THE CASE

Plaintiffs filed this lawsuit seeking severance benefits that the Employee Retirement Income Security Act allegedly obligated Defendants to provide to former Twitter employees. ER-19, ER-30 (¶¶ 4, 82). On July 9, 2024, the district court granted Defendants' motion to dismiss. D. Ct. Dkt. 97. It held that Plaintiffs failed to plausibly allege that Twitter's severance program constituted an ERISA plan for several mutually reinforcing reasons. *Id.* That dismissal is separately on appeal to this Court. *See McMillian v. Musk*, No. 24-5045 (9th Cir.).

The present dispute, however, does not involve the underlying claims in this action. It involves the filing of X Holdings Corp.'s full list of owners on the district court's public docket despite Defendants' request to keep the list under seal.

A. Months before the dismissal of this action, on March 7, 2024, Defendants filed a "Rule 7.1 Corporate Disclosure Statement and Civil L.R. 3-15 Certification of Conflicts and Interested Entities or Persons" under the local rules of the Northern District of California. D. Ct. Dkt. 55. Two months later, on May 6, 2024, Plaintiffs filed an "Administrative Motion for Order Requiring Defendants to File a Certification of Conflicts and Interested Entities or Persons in Compliance with Local Rule 3-15." D. Ct. Dkt. 85. Plaintiffs argued that Defendants' original certification did not comply with the Northern District's local rule, which purportedly required Defendants to file additional disclosures identifying all owners of X Holdings Corp. *Id.* On May 29, 2024, the district court granted Plaintiffs' motion. D. Ct. Dkt. 90.

On June 26, 2024, Defendants filed an unopposed motion to file the supplemental corporate disclosure statement, which identified all owners of X Holdings Corp., under seal rather than on the court's public docket. D. Ct. Dkt. 95. The motion to seal explained that identities of those owners was private and confidential business information whose disclosure would result in injury, and disclosing the information would not serve any germane purpose. *Id.* at 2.

B. While the motion to seal was pending, a similar controversy emerged in a separate case involving X Corp., *Anoke v. Twitter, Inc.*, No. 23-cv-2217 (N.D. Cal.). There too, a plaintiff argued that the Northern District's rules required a full disclosure of all of X Holdings Corp.'s owners, and Defendants moved to keep that list of owners under seal. The *Anoke* district court agreed with the plaintiff's interpretation of the local rules but granted Defendants' motion to seal on June 13, 2024, and so the list was filed electronically but was unavailable to members of the public. *See Anoke*, No. 23-cv-2217 (N.D. Cal.), ECF No. 39.

On July 3, 2024, an individual named Jacob Silverman, who describes himself as a journalist covering the technology industry, moved to intervene in *Anoke* for the purpose of moving to unseal the list of owners. *Anoke*, No. 23-cv-2217 (N.D. Cal.), ECF No. 44. The district court granted Silverman's motion on August 20, 2024. *Anoke*, 2024 WL 3908108, at *1. But the court did not order that the sealed investor list be unsealed immediately. Rather, it ordered X Corp to "file an unredacted version of the supplemental corporate disclosure statement on the public docket **no later than September 4, 2024**"—*i.e.*, fifteen days after the order, which in theory should have provided sufficient time to move for a stay of the order pending appeal. *Id.* at *5.

Unfortunately, due to an apparent error of court staff, X Holdings Corp.'s full list of owners was made publicly available on August 21, 2024, before Defendants

could take any action. ER-4. Defendants' counsel immediately contacted the clerk's office about the error, who promptly resealed it. *Id.*[*] But by then, the unsealed filing had been spotted and disseminated widely across the internet—including by Silverman himself. *See* Jacob Silverman, *We Got a Judge to Unseal a List of X's Shareholders* (Aug. 24, 2024), https://www.jacobsilverman.com/p/we-got-a-judge-to-unseal-a-list-of.

On September 19, 2024, Defendants filed a notice of appeal in *Anoke*. Defendants challenged both the district court's order that X Corp. supplement its corporate disclosure statement under Local Rule 3-15 and the order unsealing the supplemental statement.

C. Meanwhile, in this case, Silverman had similarly moved to intervene and oppose the sealing of X Corp.'s supplemental corporate disclosure statement—much as he had done in *Anoke*. D. Ct. Dkt. 96. While the *Anoke* appeal was pending, the district court in this case issued an order denying Defendants' motion to seal and holding that Silverman's intervention motion was moot. ER-5–16.

Recognizing that the outcome of the *Anoke* appeal could affect its order, the court did not require immediate enforcement of its order. Rather, it directed that "[i]f

[*] In an August 22, 2024 email to Defendants, the *Anoke* courtroom deputy stated, "I have resealed the corporate disclosure statement pursuant to the request. The document was unsealed in error." That email is not in the record of this case, but it was before this Court in the *Anoke* appeal. *Anoke*, No. 24-5936 (9th Cir.), ECF No. 10.1 (Exhibit B).

the Ninth Circuit issues a ruling in favor of Plaintiffs regarding sealing, Defendants must file an unredacted Corporate Disclosure Statement within fourteen (14) days of the ruling," and directed further that "[i]f the Ninth Circuit issues a ruling in favor of Defendants regarding sealing, Defendants may alert the Court by filing a Statement of Recent Decision and file a Motion for Reconsideration of the Motion to Seal or related filing within fourteen (14) days of the ruling." ER-15.

D. On August 4, 2025, this Court issued an order dismissing X Corp.'s appeal in *Anoke* as moot. The Court reasoned that "the information in X Corp.'s corporate disclosure statement has already been published widely across the internet and has been public on both the district court and Ninth Circuit dockets for months." *Anoke*, 2025 WL 2252556, at *1. Even so, because the appeal was dismissed as moot, the Court vacated the order granting the motion to intervene and unseal the supplemental corporate disclosure statement under the *Munsingwear* doctrine. *Id.* (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)).

Defendants informed the district court in this case of the Ninth Circuit's decision in *Anoke*. D. Ct. Dkt. 142. The court nevertheless ordered Defendants to file an unredacted corporate disclosure statement within two business days. D. Ct. Dkt. 143. Defendants complied with the district court's order. D. Ct. Dkt. 144. And they filed this appeal. *See* ER-43.

## SUMMARY OF THE ARGUMENT

This appeal concerns an order unsealing the same corporate information as the *Anoke* case. Because this Court in *Anoke* determined that the public availability of X Holdings Corp.'s ownership list rendered the appeal moot, the same conclusion follows here. But this Court also vacated the district court's unsealing order because the mootness of the *Anoke* appeal was not Defendants' fault.

The same outcome is warranted here. While a challenge to the unsealing is now moot, Defendants did not cause that mootness. So the Court should vacate the district court's order under *Munsingwear* to facilitate relitigation of these issues in a future case.

## ARGUMENT

**The Court should vacate the district court's order under *Munsingwear*.**

"When a civil case becomes moot pending appellate adjudication, '[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)).

This "procedure clears the path for future relitigation of the issues between the parties" and ensures that "the rights of all parties are preserved," with no one "prejudiced by a decision which in the statutory scheme was only preliminary."

*Munsingwear*, 340 U.S. at 40. The *Munsingwear* doctrine applies not only to final judgments on the merits but also to other appealable decisions. *E.g.*, *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (applying *Munsingwear* to vacate order directing compliance with pretrial subpoena after defendants pleaded guilty).

In this Circuit, *Munsingwear* vacatur is generally "automatic" whenever a case "become[s] moot while on its way here or pending [the Court's] decision." *Pub. Utilities Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996) (citation omitted); *see also, e.g.*, *Donovan v. Vance*, 70 F.4th 1167, 1172-73 (9th Cir. 2023). The lone exception is when "mootness is caused by the party seeking vacatur," in which case the Court "typically will remand to the district court to allow it to balance the equities and determine whether it should vacate its own order." *All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1032 (9th Cir. 2018). On the other hand, "[w]hen mootness is not caused by actions of the party seeking vacatur, [the Court] typically will vacate the district court's order." *Id.*

Here, the Court should vacate the district court's order for the same reasons it vacated the order in *Anoke*.

First, the rationale for finding the *Anoke* appeal moot applies equally here. The supplemental corporate disclosure statement that the district court required to be filed publicly is the same corporate ownership information as in the *Anoke* appeal. The district court here correctly observed, "[t]he Corporate Disclosure Statement

filed in *Anoke* contains the same exact list of owners/shareholders that are listed in the filing in this action." ER-12. And as this Court noted in *Anoke*, "the information in [the] corporate disclosure statement has already been published widely across the internet and has been public on both the district court and Ninth Circuit dockets for months." *Anoke*, 2025 WL 2252556, at *1 (citing *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014)). So an unsealing appeal is just as moot here as the unsealing appeal in *Anoke*.

Second, the cause of the mootness here is the same as in the *Anoke* appeal and not the fault of Defendants. Rather, the mootness arose from the district court personnel's unilateral error in *Anoke* unsealing the previously sealed investor list before Defendants could seek judicial relief. ER-4; *see supra* n.*. This is a textbook example of mootness "due to happenstance," and in such cases, "the established practice in federal court is to vacate the decision below." *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 799 (9th Cir. 1999).

In the *Anoke* appeal, this Court adhered to its "established" and "automatic" practice of vacating the district court decision that Defendants were prevented from appealing because of mootness outside their control. *See Anoke*, 2025 WL 2252556, at *1 ("Given our dismissal of the appeal as moot, we vacate the order of the district court." (citing *Munsingwear*, 340 U.S. at 39)). Like cases should be treated alike, and the Court should follow the same course here.

## CONCLUSION

For all these reasons, the Court should vacate the district court's order denying Defendants' motion to seal the supplemental corporate disclosure statement.

Dated: December 5, 2025

Respectfully submitted,

s/ Michael E. Kenneally

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave.
Washington, D.C. 20004
Telephone: 202.739.5893
michael.kenneally@morganlewis.com

MELISSA D. HILL
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: 212.309.6318
melissa.hill@morganlewis.com

JARED R. KILLEEN
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5478
jared.killeen@morganlewis.com

SEAN K. MCMAHAN
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone: 214.466.4102
sean.mcmahan@morganlewis.com

*Counsel for Defendants-Appellants*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## FORM 17. STATEMENT OF RELATED CASES

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** 25-5798

The undersigned attorney or self-represented party states the following:

[ ] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[x] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

*McMillian v. X Corp.*, No. 24-5045 (9th Cir.) (appeal on the merits from the dismissal of Plaintiffs' claims)

**Signature** s/ Michael E. Kenneally **Date** December 5, 2025

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

# FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-5798

I am the attorney or self-represented party.

**This brief contains 2,156 words,** including zero words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
- [ ] it is a joint brief submitted by separately represented parties.
- [ ] a party or parties are filing a single brief in response to multiple briefs.
- [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated ______________.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Michael E. Kenneally **Date** December 5, 2025